UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STATE OF TEXAS, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-05-3918 |
| § | |
| APPROXIMATELY $3,551,510.67, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Stone Medical Group, L.L.C.'s ("Stone") motion to intervene in this forfeiture action. Plaintiff, the State of Texas, alleges that Respondent Thomas Martino gained possession of the monies at issue by violating the Prescription Drug Marketing Act, 21 U.S.C. § 331(t), and that those monies are therefore contraband under state law. Stone seeks to intervene as of right, on the ground that it has a direct interest in the monies, which Stone allegedly paid to Martino in exchange for pharmaceutical products that turned out to be stolen, expired, altered, or otherwise defective. Martino argues that Stone's interest in this action is merely economic and therefore inadequate to justify intervention as of right.

> The Federal Rules of Civil Procedure provide for intervention of right
>
> when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

FED. R. CIV. P. 24(a)(2). To meet the interest requirement, "an applicant must point to an interest that is 'direct, substantial, [and] legally protectable.'" *Ross v. Marshall*, 426 F.3d

1

745, 757 (5th Cir. 2005) (insertion in original) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984) (en banc)). "This requires a showing of something more than a mere economic interest; rather, the interest must be 'one which the *substantive* law recognizes as belonging to or being owned by the applicant.'" *Id.* (quoting *New Orleans Pub. Serv.*, 732 F.2d at 464) (emphasis in original). The interest test functions as a practical guide for courts seeking to resolve the claims of all genuinely interested persons in a single proceeding. *Id.*

While Stone's interest is certainly an economic one, in that the property at issue here is United States currency, it cannot be classified as *merely* economic. Stone is not, for example, seeking to intervene to preserve these funds so that Martino will be able to satisfy a judgment against him and in favor of Stone in an entirely unrelated case. Nor does Stone allege that Martino owes it these monies only in the event of some contingency. *Compare Ross*, *id.* at 757-59. Instead, Stone contends that it directly paid these monies to Martino, that the payments were induced by fraud, and thus that Stone is entitled to recover them. This is precisely the sort of direct interest that justifies intervention as of right, in the interest of preserving judicial resources and avoiding inconsistent judgments. Accordingly, Stone's motion to intervene, Docket No. 11, is hereby **GRANTED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 28th day of June, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**