UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STATE OF TEXAS, | § |
| | § |
|     Plaintiff, | § |
| | § |
| VS. | §   CIVIL ACTION NO. H-05-3918 |
| | § |
| APPROXIMATELY $3,551,510.67, | § |
| | § |
|     Defendant. | § |

## MEMORANDUM AND ORDER

Pending before the Court in this civil forfeiture action are Plaintiff's motion for leave to amend its original Petition and Respondent Thomas Martino's motion to extend the filing deadline for his response to Plaintiff's motion. After considering the parties' filings and the applicable law, the Court finds that both motions should be and hereby are **GRANTED**.

### I.   THE MOTION FOR EXTENSION OF TIME

Plaintiff filed its motion to amend on May 9, 2006. The response was due on May 29, 2006. On June 7, 2006, Martino filed his motion for extension of time, along with a proposed response to the motion to amend. In the motion for extension of time, Martino explained that his attorney had suffered a death in the family in late May and that another attorney, whose counsel was necessary to the completion of the response, was unavailable for much of that month. Plaintiff opposes the requested extension and has filed a written response.

The Court finds that the reasons offered by Martino support the grant of an extension of time. The requested extension is a brief one, lasting a little longer than one

1

week. Moreover, Martino has already filed his proposed response, and thus the Court's consideration of it will not delay the resolution of the motion to amend. Accordingly, Martino's motion for extension of time is hereby **GRANTED**, and the Clerk of the Court is hereby **ORDERED** to enter the response to the motion to amend on the Court's docket.

## II.     THE MOTION FOR LEAVE TO AMEND

Plaintiff seeks leave to amend its Petition to delete all but one of the federal causes of action currently pled and to add various state law claims. Martino opposes the proposed amendment on the ground that the seizure at issue in this case was predicated upon an affidavit, which stated that the monies seized were contraband because they were derived from Martino's violations of the federal Prescription Drug Marketing Act ("PDMA"), 21 U.S.C. § 331(t). Thus, Martino argues, an amendment removing those alleged violations from the pleading would render the affidavit baseless and the resulting seizure illegal.

Martino is incorrect. As he himself notes in his response to the motion to amend, the only federal law cited in the affidavit is the PDMA. That statute, and a cause of action based upon its violation, are included in Plaintiff's proposed Amended Petition, and thus the amendment will not affect the validity of the affidavit.

The Federal Rules of Civil Procedure provide that "leave [to amend] shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The United States Supreme Court has held that a district court should grant leave to amend "[i]n the absence of an apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment," and the like.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This case was removed to this Court only a few months ago.  No discovery has yet been propounded by either party, and the discovery deadline will not elapse for another six months.  Plaintiff has not previously amended its Petition, and there is no evidence of bad faith or dilatory motive.  Accordingly, the Court finds that the interests of justice support a grant of leave to amend, which will not prejudice Martino.  Plaintiff's motion, Docket No. 7, is therefore **GRANTED**, and the Clerk of the Court is hereby **ORDERED** to enter onto the Court's docket Plaintiff's first Amended Petition.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 29th day of June, 2006.


KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE


**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**