UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br><br>    Plaintiff,<br><br>VS.<br><br>APPROXIMATELY $3,551,510.67,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§ CIVIL ACTION NO. H-05-3918<br>§<br>§<br>§<br>§ |

## MEMORANDUM AND ORDER

Pending before the Court in this civil forfeiture action is Plaintiff's motion for reconsideration of the Court's Memorandum and Order dated April 12, 2006, which denied Plaintiff's motion to remand this case to state court for want of federal subject matter jurisdiction. Plaintiff also requests that, in the event that the Court denies the motion for reconsideration, the denial be certified to the Fifth Circuit for an interlocutory appeal. After reviewing Plaintiff's motion and supplemental memorandum and the applicable law, the Court finds that the motion, Docket No. 25, should be and hereby is **DENIED** in its entirety.

I.   THE MOTION FOR RECONSIDERATION

In its motion to remand, Plaintiff argued that this Court lacked jurisdiction because the only claim stated in the state Petition is for seizure of property alleged to be contraband under Texas state law. The Court rejected that contention on the ground that federal offenses were pled as predicates for the application of the state forfeiture law. Plaintiff subsequently filed an opposed motion to amend its Petition to replace all but one of the alleged federal violations with claims founded upon state law. In his response to

that motion, Respondent Thomas Martino argued that the proposed amendment would render baseless the affidavit upon which the monies at issue here were seized, because that affidavit based its assertion of probable cause upon the premise that the monies were to be used to violate the federal Prescription Drug Marketing Act ("PDMA"), 21 U.S.C. § 331(t). The Court granted the motion to amend, over Martino's objection, on the ground that the amended Petition included both a reference the PDMA and a cause of action based on its violation. (June 29, 2006 Mem. and Order (Docket No. 23) at 2.)

The Court declines to reconsider that finding today. Plaintiff's argument that its amendment "delete[d] all federal claims, leaving only pendent state claims" is unavailing in light of the Court's rejection of that very contention in allowing the amendment. Had Plaintiff previously informed the Court that it viewed the amendment as eliminating all federal causes of action, the Court would have denied leave to amend, finding that the amendment was intended to eliminate federal jurisdiction – something that Plaintiff concedes it cannot do – and that it would, in all likelihood, threaten to destroy Plaintiff's case by undermining the affidavit justifying the seizure. Accordingly, Plaintiff's motion for reconsideration is hereby **DENIED**.[1]

## II.    THE MOTION FOR CERTIFICATION

Plaintiff also requests that this Court certify its denial of the motion for reconsideration to the Fifth Circuit for an immediate interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), on the grounds that (1) this Order involves a controlling question of law as to which there are substantial grounds for difference of opinion and (2) an

---

[1] The Court is not insensible to the advantages of remand in a case such as this. Not least among those benefits would be the adjudication of Plaintiff's primarily state claims by a state court familiar with the underlying laws, which would be something of a relief not only to Plaintiff but also to this Court. For the reasons set forth above, however, the Court believes that the history of this case militates against discretionary remand.

immediate appeal from this Order may materially advance the ultimate termination of this litigation. The Court finds that the requirements of § 1292(b) are not satisfied here. As explained above, had the Court previously accepted Plaintiff's argument concerning the amended Petition's elimination of all federal claims – *i.e.*, the position formerly advanced by Martino – it would have disallowed the amendment. Accordingly, Plaintiff is bound by the Court's characterization of the nature of the amendment, and therefore there exist no substantial grounds for difference of opinion concerning a controlling issue of law.

### III. CONCLUSION

Plaintiff's motion for reconsideration and, in the alternative, for certification of an interlocutory appeal is hereby **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 19th day of July, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**